Plaintiff seeks compensation for the infringement by defendant of U.S. Patent No. 3,635,269 issued to the plaintiff covering a tree-cutting device. Plaintiff alleges that defendant infringed the patent by use of such device in a waterway maintenance project conducted by the United States Army Corps of Engineers. Defendant contends that the plaintiff has failed to establish a prima facie case of use by the defendant of the accused equipment. Defendant introduced evidence tending to show that the device, if utilized at all in the waterway project, was employed by parties contracting with the defendant and not by the *703 defendant itself. On August 31,1978 Trial Judge Francis C. Browne filed a recommended opinion (see 202 USPQ 208) dismissing plaintiffs second amended petition for failure to present a prima facie case of use by the defendant of the invention covered by plaintiffs patent. The trial judge found plaintiffs evidence to be insufficient to establish use of the tree-cutting device by the defendant at the site of the waterway project. On March 23, 1979 the court, by order, adopted, as qualified, the recommended decision as the basis for its judgment in this case. The court pointed out that there is substantial doubt that it was either open to plaintiff or required by him to show, at the trial held before the trial judge, that the accused equipment was the tree-cutting device described in said patent or even that the accused equipment was a tree-cutting device of some sort or capable thereof. Accordingly, the court did not adopt the portions of the trial judge’s opinion and findings which state or imply that plaintiff was required to make such a showing or that he failed to do so. However, the court stated that it was fully satisfied that, as the trial judge found and held, the plaintiff failed to prove that the accused equipment (whether or not it was a tree-cutting device) was used at all by defendant. On that basis, the court agreed with the trial judge that defendant’s motion to dismiss the second amended petition be allowed and that said petition be dismissed. Accordingly, the court dismissed the second amended petition.
Plaintiffs motion for rehearing or for amendment of judgment was denied April 27, 1979.